Chief Justice Bibb
delivered the Opinion of the Court.
Thb question whether it sufficiently appears by the scire faciasthat the recognizance was acknowledged before persons having competent authority, vanishes upon inspecting the scire facias. It recites that Kimberlain “appeared before Thomas M. Buckley and Reuben Samuel, two of the Commonwealth’s justices of the peace for said county of Henry,” and acknowledged, &c. to be void upon his personal appearance and surrendering himself in the circuit court for said county of Henry, on the first day of the ensuing term, to answer' a charge of felony in killing a slave, which the justices have adjudged to bo manslaughter. They *44 are expressly stated to be justices; we are bound to notice the authority and jurisdiction conferred by law on the justices of the county; that they acted within the pale of their authority in taking a recognizance, is a presumption in law which will stand until the contrary is proved. But here the scire fa-cias recites a case within their jurisdiction.
Close — “against the peace and dignity of the Commonwealth” is indispensable to a scire fa-cias on a recognizance in a criminal caso.
J udgment a-gainl a scire facias for such delect should not be in bar, but the writ quashed for that defect.
Denny, JlUorncy General, for the Commonwealth; Criiteuden, for the defendant
But for the omission of the words, “against the peace and dignity of the commonwealth of Kentucky,” which are so imperiously injoined by statute, (which we cannot disregard nor repeal,) the scire facias is defective; and must be quashed.
The case of Downing against the Commonwealth, at last term, [4 Mon. 511.] has decided this point, and is calculated to instruct the clerks in this part of their duty; for it is not easy to find a place in a scire facias appropriate for these words.
The judgment upon the demurrer in this case is in bar, and stands in the way of a new proceeding upon the recognizance; the judgment should not have extended further than to the defect in the scire facias, and to quash it; leaving the recognizance in full force and effect tobe proceeded oh by a new scire facias, if the attorney for the commonwealth shall think fit.
It is therefore considered by the court, that the judgment aforesaid in bar, be reversed and annulled, and the cause remanded with direction to the circuit court to render judgment to quash the scire facias, for want of the words “against the peace and dignity of the commonwealth of Kentucky,” as required by the statute.
The Commonwealth to have judgment for costs jn this court.